# United States District Court

Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D'ARRIGO BROS. CO. OF NEW YORK, INC.,

                Plaintiff,

-against-

GARY DIMICCO a/k/a GUY T. DEMICCO,

                Defendant.

**AMENDED SUMMONS IN A CIVIL ACTION**

Case No.: 07 CV 2926 (JGK)

TO: (Name and Address of Defendant)
GUY T. DEMICCO
27 Carolyn Road
Elizabeth, New Jersey 07201

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFFS' ATTORNEYS: (name and address)
**KREINCES & ROSENBERG, P.C.**
900 Merchants Concourse
Westbury, New York 11590
(516) 227-6500

an answer to the complaint which is herewith served upon you, within **twenty (20)** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

J. MICHAEL McMAHON
CLERK

_(signature)_
BY DEPUTY CLERK

MAY 0 2 2007
DATE

Z:\kreinces1\WORK\HUNTSPOINT\D'Arrigo Bros\Dimicco\Summons.frm

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D'ARRIGO BROS. CO. OF NEW YORK, INC.,

                Plaintiff,                Case No.: 07 CV 2926 (JGK)

-against-                           **AMENDED**
                                          **COMPLAINT (to Enforce Payment**
GARY DIMICCO a/k/a GUY T. DEMICCO,      **From Produce Trust)**

                Defendant.



D'ARRIGO BROS. CO. OF NEW YORK, INC. (hereinafter referred to as "D'ARRIGO" or "plaintiff"), for its complaint against defendant, alleges:

### JURISDICTION AND VENUE

1.     Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(4), (hereinafter "the PACA"), 28 U.S.C. §1331 and 28 U.S.C. §1332.

2.     Venue in this District is based on 28 U.S.C. §1391 in that the events constituting the claims arose in this District.

### PARTIES

3.     Plaintiff is a corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce. At all times pertinent herein, plaintiff was licensed as a dealer under the provisions of PACA.

1

4. Defendant, GARY DIMICCO a/k/a GUY T. DEMICCO (hereinafter referred to as "DEMICCO" or "defendant"), upon information and belief, is a New Jersey corporation with a principal place of business at 801 Second Avenue, New Jersey, and was at all times pertinent herein, a dealer and commission merchant and subject to and licensed under the provisions of the PACA as a dealer and commission merchant.

5. At all times hereinafter mentioned, the defendant was a dealer and commissioned merchant and subject to and licensed under the provisions of the PACA as a dealer and commissioned merchant.

## GENERAL ALLEGATIONS

6. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

7. Plaintiff sold and delivered to defendant, in interstate commerce, $19,716.50 worth of wholesale quantities of produce.

8. Defendant has failed to pay for the produce when payment was due, despite repeated demands and presently owes plaintiff $19,716.50.

9. At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of each defendant since the creation of the trust.

10. Plaintiff preserved its interest in the PACA trust in the amount of $19,716.50 and remains a beneficiary until full payment is made for the produce.

11. The defendant is experiencing severe cash flow problems and is unable to pay plaintiff for the produce plaintiff supplied.

12. The defendant's failure and inability to pay shows that the defendant is failing to maintain sufficient assets in the statutory trust to pay plaintiff and is dissipating trust assets.

### COUNT 1 AGAINST DEFENDANT
### (FAILURE TO PAY TRUST FUNDS)

13. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 12 above as if fully set forth herein.

14. The failure of defendant to make payment to plaintiff of trust funds in the amount of $19,716.50 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $19,716.50 to plaintiff.

### COUNT 2 AGAINST DEFENDANT
### (FAILURE TO PAY FOR GOODS SOLD)

15. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 14 above as if fully set forth herein.

16. Defendant failed and refused to pay plaintiff $19,716.50 owed to plaintiff for produce received by defendant from plaintiff.

WHEREFORE, plaintiff requests judgment in the amount of $19,716.50 against the defendant.

### COUNT 3 AGAINST DEFENDANT
### (INTEREST AND ATTORNEY'S FEES)

17. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 16 above as if fully set forth herein.

18. As a result of defendant's failure to make full payment promptly of $19,716.50, plaintiff has lost the use of said money.

19. As a further result of defendant's failure to make full payment promptly of $19,716.50, plaintiff, has been required to pay attorney's fees and costs in order to bring this action to require defendant to comply with their statutory duties.

WHEREFORE, plaintiff requests judgment against the defendant for prejudgment interest, costs and attorneys fees.

Dated this 24th day of April, 2007.

Respectfully submitted,

KREINCES & ROSENBERG, P.C.

By: _____
LEONARD KREINCES (LK/6524)
Attorneys for Plaintiff
900 Merchants Concourse, Suite 305
Westbury, New York 11590
(516) 227-6500

Z:\kreinces1\WORK\HUNTSPOINT\D'Arrigo Bros\Dimicco\Complaint.PACA.Amended.wpd

4